NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Valentine A. HEID Estate, First Trust & Deposit Co., Trustee, d/b/a Heid's Lunch Stand, Respondent.

No. 666, Docket 79–4170.

United States Court of Appeals, Second Circuit.

Argued Jan. 24, 1980.

Decided Feb. 22, 1980.

Michael F. Messitte, Washington, D.C. (Norton J. Come, Acting Gen. Counsel, John E. Higgins, Jr., Kenneth B. Hipp, Robert V. Allen and Elliott Moore, Washington, D.C., of counsel), for petitioner.

Raymond W. Murray, Jr., Syracuse, N.Y. (Louis P. DiLorenzo, Bond, Schoeneck & King, Syracuse, N.Y., of counsel), for respondent.

Before SMITH and FEINBERG, Circuit Judges, and BRIEANT, District Judge.*

BRIEANT, District Judge:

Petitioner ("the Board"), seeks enforcement of its order issued July 19, 1979, reported at 243 NLRB No. 85, which requires Respondent Heid's Lunch Stand ("the Employer"), to bargain collectively with the Hotel, Motel, Restaurant, Cafeteria Employees and Bartenders Union, Local 150 ("the Union"). The validity of that order depends upon the determination by the Board in an underlying representation proceeding that Robert *M.* Heid ("young Heid") is a supervisor within the meaning of § 2(11) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 152(11) and therefore disqualified from voting in a representative election. Because we find that conclusion not supported by substantial evidence in the record considered as a whole, we deny enforcement.

Twelve persons voted in a consent election held August 29, 1978 pursuant to a stipulation in the representation proceeding. Six votes favored the Union, four opposed, and two votes, those of young Heid and David Lepinske, were challenged by the Union. Because the challenged ballots were outcome determinative, the Regional Director for the Board's Third Region conducted an investigation, and issued his Report recommending that the challenge to Lepinske's ballot be overruled, and that the challenge to young Heid's vote be sustained on the ground that he was a supervisor, *i. e.,* the "night acting manager." The Board adopted the Regional Director's Report, over the Employer's opposition, denying a hearing as not "warranted."

■ The Employer operates a single eating place at 305 Oswego Street in Liverpool, New York (pop. 3,300). Five-eights of this business is owned outright by Mrs. Helen Platner, who is also the sole beneficiary of a trust under the Will of Valentine A. Heid, deceased, which owns three-eights and of which the named Respondent is the trustee. Young Heid is Mrs. Platner's second cousin. Neither young Heid, nor his father, Robert *W.* Heid ("the elder Heid") have any ownership interest in the business. Whether young Heid, who is one of two countermen who work the night shift together at the food stand, is a supervisor within the Act, is an issue to be resolved not according to his pedigree, but according to his powers, duties and responsibilities.[1]

■ The evidence that he performed any meaningful supervisory function is minimal, and shows that his functions are indistinguishable from those of Lepinske (the "day acting manager") with respect to whom the Board overruled a challenge on identical grounds. Young Heid spends from eight to nine hours of his ten hour night shift serving food and beverages along with other countermen, ringing up sales, cleaning up and handling foodstuffs. He spends from one to two hours counting the receipts. He is compensated at a rate of pay which is less than three, the same as two and more than six of the other members of the bargaining unit, and receives the same fringes. That an employee's scope of work, rate and method of pay and benefits are the same as other unit employees point most strongly to non-supervisory status. The elder Heid, who was appointed as overall manager in June of 1978 because of the manager's ill-

---

* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Judge Feinberg and District Judge Brieant (of the Southern District of New York, sitting by designation), who are in agreement on this opinion. Judge Smith, who heard the argument, unfortunately died on February 16, 1980. Prior to his death Judge Smith voted to deny enforcement and was in agreement with the other members of this panel on all issues in the case. He did not have the opportunity, however, to see this opinion prior to his death.

1. That young Heid is a second cousin of the owner, and son of the overall manager, was not relied on by the Regional Director, nor the Board, but was urged upon us in the Petitioner's brief, p. 11, Counsel argued that this "close familial relationship," which we consider not unusual in small businesses and in small towns, gave young Heid "the aura of being on the management team." This is not part of the statutory criteria for determining if one is a supervisor.

ness, is a salaried employee, concededly a supervisor, and did not vote as a member of the unit. That young Heid was designated "night acting manager" is of no significance. The only responsibility associated therewith is the counting of the receipts and locking the doors at the end of the night shift. Lepinske, the "day acting manager" performing identical functions, was allowed to have his vote counted, as was employee Moser, who also serves on occasion as an "acting manager." The only evidence that young Heid had any authority to hire or discharge, discipline or effectively recommend such action, arises out of a single hiring. This occurred when the overall manager left on vacation after placing a help wanted advertisement.

He authorized young Heid and Lepinske each to interview likely persons responding, and each to hire one person. In doing so, neither had control over wage rates or scope of work of the persons so hired, and upon his return, the overall manager re-interviewed and confirmed the hiring. Such a single incident of hiring is insufficient to establish supervisory status, as the Regional Director correctly reported insofar as concerns Lepinske. The finding of the Regional Director that young Heid gets "hot under the collar" when a co-worker is sitting around when something needs to be done, is certainly of no significance. Peer pressure against goldbricking by fellow workers who share joint tasks exists in all walks of life and on all jobs; this fundamental human reaction to unfair sharing is hardly an indicia of supervisory power. The same is true of the claim that young Heid "speaks" to other employees "when something needs to be done." A reading of the Report convinces us that any such instructions are routine and do not require the exercise of independent judgment. Young Heid had no genuine management prerogatives. See, *NLRB v. Monroe Tube Co.*, 545 F.2d 1320, 1324 (2d Cir. 1976); *C & W. Supermarkets, Inc. v. NLRB*, 581 F.2d 618, 622 (7th Cir. 1978).

The work at a restaurant is routine in nature and absence of a true supervisor within the statutory description found in 29 U.S.C. § 152(11), is hardly surprising when the night shift comprises only five workers and the overall manager is usually available at home by telephone.

Finding on the record before us considered as a whole that the conclusion of the Board that Robert M. Heid is a supervisor is not supported by substantial evidence, we find it unnecessary to reach Respondent's principal argument derived from *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979) and its progeny.[2] In this case, as in *Prestolite, supra*, the Regional Director made an investigation and merely summarized in his Report to the Board, the results of his investigation and his interpretation of the evidence so gathered. The evidence itself was not made available to the Board, to Respondent, or this Court. We have resolved the matter on the basis of the record before us, and leave the *Prestolite* issue for another day.

**2.** In *Prestolite*, at 592 F.2d 306, the Sixth Circuit observed that the report of the Regional Director "makes factual determinations, credibility findings and dubiously-colored characterizations whose fairness and accuracy are impossible for either the Board or us to review. The potential for mischief in such a procedure must be altogether apparent."